# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE LEE JEFFERSON, | ) | |
| Plaintiff, | ) | 3:04-CV-0687-LRH (VPC) |
| vs. | ) | |
| ART VOGT, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

In this civil rights action, brought *pro se* by prisoner Willie Lee Jefferson, the plaintiff has filed an "Emergency Order [sic] Disqualify- Recuse United States Magistrate Judge Valerie Cooke" (#63), requesting that the undersigned United States Magistrate Judge recuse herself from the case. Plaintiff contends that the Magistrate Judge has acted as a "co-conspirator with the defendants' attorneys by issuing bad conclusions in minute orders. . . ." as the basis for the request for recusal.

Recusal is governed by 28 U.S.C. §§ 144 and 455. Under section 144, a party seeking recusal must set forth, in an affidavit, facts and reasons for the belief that bias or prejudice exists. *See* 28 U.S.C. § 144. The standard for recusal under sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The alleged prejudice must result from an

1  extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal. *Id*. The challenged
2  judge should rule on the legal sufficiency of the recusal motion in the first instance *Id*. at 940.
3       Plaintiff's motion for disqualification is without merit. Plaintiff has shown no reason for this
4  judge's impartiality in this case to be questioned.
5       **IT IS THEREFORE ORDERED** that plaintiff's emergency motion to disqualify - recuse
6  United States Magistrate Judge (#63) is **DENIED**.
7       Dated this 16th day of November, 2006.

                                                                   UNITED STATES MAGISTRATE JUDGE