UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE LEE JEFFERSON, | ) | 3:04-CV-00687-LRH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 25, 20007 |
| | ) | |
| ART VOGT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On November 6, 2006, defendants filed a motion for summary judgment (#82). Plaintiff has not filed a motion in opposition. However, on November 15, 2006, plaintiff filed a motion to strike defendants' motion for summary judgment pursuant to Rule 12(f) (#88), arguing that defendants filed their motion in bad faith in abuse of the judicial process. Defendants opposed (#101) and plaintiff replied (#107). A party may file a motion to strike, "before responding to a pleading," if the motion contains "any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court has reviewed plaintiff's motion to strike and concludes it has no merit. Plaintiff's motion (#88) is **DENIED**.

On November 17, 2006, plaintiff filed a motion for extension of time (#92). Defendants did not oppose. While it is not clear from the text for which filing plaintiff is requesting more time, considering the date of plaintiff's motion is November 14, 2006, the court construes plaintiff's motion as a request for more time to file an opposition to defendants' motion for summary judgment. The plaintiff requested an extension of forty-five days. As noted above, a party is permitted to file a Rule 12(f) motion to strike prior to filing an opposition to the pleading. Fed.R.Civ.P. 12(f). The court did not rule on plaintiff's motion to strike until after plaintiff's time to file an opposition to defendants' motion for summary judgment had passed. Therefore, plaintiff's motion for extension of time (#92) is **GRANTED**. Plaintiff shall have thirty (30) days from the date of this order to file an opposition to defendants' motion for summary judgment (#82). Defendants shall reply in due course.

On September 7, 2006, this court issued a minute order (#64), to which plaintiff filed an

objection with the District Court (#68). Defendants opposed plaintiff's objection (#73) and plaintiff's replied (#77). These motions are pending before the District Court. However, on October 26, 2006, plaintiff filed a motion to strike defendants' opposition (#73) pursuant to Rule 12(f), arguing that defendants' objection was filed for purposes of delay and is frivolous (#78). The court's review indicates that plaintiff's motion to strike has no merit. Therefore plaintiff's motion (#78) is **DENIED**.

On November 29, 2006, plaintiff filed an emergency motion to stay all proceedings, entitled "Notice of Appeal" (#96). Defendants opposed (#99) and plaintiff replied (#109). Plaintiff has not stated a basis for his request for an emergency stay. Plaintiff's motion (#96) is **DENIED**.

On December 26, 2006, plaintiff filed an "emergency motion for disqualification-recuse/motion to expedite 'proceedings' and 'reinstate' motions" (#104/105). The motion for disqualification (#104) is currently pending before the District Court. Defendants opposed plaintiff's motion to expedite (#112). Plaintiff has made no legal argument to support his motion to expedite proceedings, and fails to specify which motions he wants "reinstated." Plaintiff's "motion to expedite 'proceedings' and 'reinstate' motions" (#105) is **DENIED**.

On November 11, 2006, defendants filed a motion for leave to file documents *in camera* (#86) with respect to their motion for summary judgment. The court granted this motion on November 14, 2006, stating "Upon request, plaintiff will be able to review these documents, under the direct supervision of the medical division providers or nurses, subject to any redaction or censorship arising from the screening of these documents, pursuant to AR 693.03 and HCIP 707(J)" (#87). On November 22, 2006, plaintiff filed an opposition to defendants' motion, arguing defendants' motion was in bad faith and is an attempt to defraud plaintiff (#93). On January 25, 2007, plaintiff filed a motion entitled "motion leave to appointment [sic] of [Amicus Curiae] in support of Defendants for leave to file live camera submission and medical records in support of defendants motion for summary judgment," arguing he was not given an opportunity to oppose defendants' motion for leave to file *in camera* documents prior to the court's November 14, 2006 order (#110). The court finds no harm here. Although the court entered its order before the plaintiff opposed, plaintiff's argument that he is not able to defend himself because he is not allowed to see the *in camera* documents is incorrect; the court's order allows plaintiff to view the documents on request (#87). Moreover, these documents are plaintiff's medical records and are therefore properly sealed from public view. To the extent plaintiff's objection can be construed as a motion for reconsideration of this court's order allowing the *in camera* filing (#87), plaintiff's motion (#110) is **DENIED**.

Plaintiff's January 25, 2007 motion for "appointment of [Amicus Curiae]" also appears to request professional assistance in this case (#110). The court will construe plaintiff's motion as a motion for appointment of counsel. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both

must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The district court exercises discretion in making this finding.

The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and numerous motions with the court. Although plaintiff argues he is denied the assistance of prison law clerks, there is no evidence to support this contention; thus, plaintiff can access the inmate law clerks. Moreover, none of the issues in this case appears to be particularly complex. Plaintiff's motion for appointment of counsel (#110) is **DENIED**.

**IT IS SO ORDERED.**

                LANCE S. WILSON, CLERK

         By:   /s/
               Deputy Clerk