1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4

5 WILLIE LEE JEFFERSON        )
                             )        3:04-CV-0687-LRH (VPC)
6        Plaintiff,           )
                             )
7    vs.                      )        **REPORT AND RECOMMENDATION**
                             )        **OF U.S. MAGISTRATE JUDGE**
8 ART VOGT, *et al.*,          )
                             )
9        Defendants.          )        July 6, 2007
                             )

10

11        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

12 District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

13 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for summary

14 judgment (#82).  Plaintiff failed to file an opposition.  The court has thoroughly reviewed the

15 record and defendants' motion and recommends that defendants' motion for summary judgment

16 (#82) be granted.

17                    **I. HISTORY & PROCEDURAL BACKGROUND**

18        Plaintiff Willie Lee Jefferson ("plaintiff"), a *pro se* prisoner, is currently incarcerated in

19 the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP")

20 (#14).  Plaintiff brings his first amended complaint pursuant to 42 U.S.C. § 1983 for violations

21 of his Eighth Amendment right to be free from cruel and unusual punishment (#9).  Plaintiff

22 names as defendants Michael Budge, former Warden of Nevada State Prison ("NSP"); James

23 Baca, NSP Assistant Warden; Art Vogt, NSP Mental Health Director; and Ted D'Amico, former

24 NDOC Medical Director.  *Id.*

25        Plaintiff alleges that he has manic depressive disorder, for which he takes medication, and

26 has a history of "mental lapses" which cause him to violate prison policies.  *Id.*  In counts I and

27 II, plaintiff alleges that defendants violated his Eighth Amendment rights by placing him in

28 disciplinary segregation without considering his mental health status.  *Id.*  He alleges that his

1  placement in disciplinary segregation amounts to punishment for being mentally ill. *Id.* Plaintiff

2  additionally alleges he wrote forty medical kites requesting medical care while in disciplinary

3  segregation, but received no response. *Id.* Plaintiff further alleges that NSP has inadequate

4  mental health facilities. *Id.* Plaintiff requests housing in a mental health facility rather than in

5  segregation, where he alleges he does not receive mental health treatment, and an injunction

6  requiring defendants to establish an adequate mental health facility at NSP.[1] *Id.*

7          On November 6, 2006, defendants filed a motion for summary judgment (#82). The court

8  issued its standard *Klingele* order on November 8, 2006, which informed plaintiff of the

9  requirements for opposing a dispositive motion (#85). The order gave plaintiff fifteen days to file

10 an opposition to defendants' motion for summary judgment. *Id.*

11         Rather than submit an opposition, on November 15, 2006, plaintiff filed a motion to strike

12 defendants' motion for summary judgment, arguing that defendants filed their motion in bad faith

13 (#88). On November 17, 2006, plaintiff filed a motion for extension of time, but failed to indicate

14 for which motion he requested more time (#92). On November 22, 2006, plaintiff filed a "non-

15 opposition to court docket no 85-1," the court's *Klingele* order (#94). On December 29, 2006,

16 plaintiff filed a motion requesting professional assistance of counsel in responding to defendants'

17 motion for summary judgment (#110). On January 26, 2007, plaintiff requested a status check

18 (#116).

19         In a minute order issued April 25, 2007, the court denied plaintiff's motion to strike

20 defendants' motion for summary judgment and motion for appointment of counsel (#117). The

21 court then construed plaintiff's November 17, 2006 motion for an extension of time as a request

22 for more time to oppose defendants' motion for summary judgment, granted the motion, and gave

23 plaintiff thirty days to file an opposition. *Id.* On May 2, 2007, plaintiff filed an objection,

24 arguing that this court had no jurisdiction to issue its April 25, 2007 minute order and that the

25

26 _____

   [1] The court notes that plaintiff also requests compensatory damages in the sum of "one hundred fifty
27 million dollars" and "five hundred million dollars," and punitive damages in the sum of "one billion dollars"
   and "five billion dollars" (#9).

28                                                    2

1   decision was arbitrary and unfair (#118).  He also requested that both the Magistrate and District

2   Court judges recuse themselves.  *Id.*  On June 26, 2007, the District Court denied plaintiff's

3   motion and request for recusal (#125).  Plaintiff failed to file an opposition to defendants' motion

4   for summary judgment (#82) within the permitted thirty days set out in this court's April 25, 2007

5   order (#117).

6         The Court notes that the plaintiff is proceeding *pro se*.  "In civil rights cases where the

7   plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff

8   the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

9   Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

10                              **II. DISCUSSION & ANALYSIS**

11        **A. Discussion**

12            **1. Summary Judgment Standard**

13        Summary judgment allows courts to avoid unnecessary trials where no material factual

14   disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th

15   Cir. 1994).  The court grants summary judgment if no genuine issues of material fact remain in

16   dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C).

17   The court must view all evidence and any inferences arising from the evidence in the light most

18   favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  In

19   inmate cases, the courts must

20                 [d]istinguish between evidence of disputed facts and disputed
21                 matters of professional judgment.  In respect to the latter, our
                   inferences must accord deference to the views of prison
22                 authorities.  Unless a prisoner can point to sufficient evidence
                   regarding such issues of judgment to allow him to prevail on the
23                 merits, he cannot prevail at the summary judgment stage.

24   *Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006).  Where reasonable minds could differ

25   on the material facts at issue, however, summary judgment should not be granted. *Anderson v.*

26   *Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

27        The moving party bears the burden of informing the court of the basis for its motion, and

28   submitting evidence which demonstrates the absence of any genuine issue of material fact.

                                          3

1  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

2  the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

3  must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477

4  U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for

5  discovery, against a party who fails to make a showing sufficient to establish the existence of an

6  element essential to that party's case, and on which that party will bear the burden of proof at

7  trial. *Celotex*, 477 U.S. at 322-23.

8     **E.  Analysis**

9     Plaintiff filed this case on November 30, 2004 (#1). Since that time, plaintiff has filed a

10  multitude of motions, oppositions, and replies, including numerous motions requesting that the

11  judges in this case recuse themselves. *See* #58, #59, #63, #66, #72, #95, #104, and #118. The

12  court found many of these motions to be baseless and/or duplicative. *See* #67, #89, #125. The

13  sheer volume of plaintiff's filings in this case is proof that plaintiff knows how to file papers

14  within time deadlines and in response to court orders. Despite the court's lenience in granting

15  plaintiff extra time in which to file an opposition, *see* #117, plaintiff failed to do so.

16    Local Rule 7-2 states "The failure of an opposing party to file points and authorities in

17  response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). In

18  the *Klingele* order the court sent plaintiff, it stated:

19          If the nonmoving part fails to oppose the motion within fifteen
            (15) days, or if the non-moving party fails to submit evidence
20          supporting its opposition, and if the motion for summary judgment
            has merit, that failure to file points and authorities in response to
21          any motion shall constitute a consent to the granting of the motion.
            Local Rule 7-2(d). The court may then grant the motion and enter
22          judgment. Local Rule 7-2(d).

23  (#85, p. 3).

24    Defendants argue in their motion for summary judgment that the prison system, as early

25  as 1986, determined that plaintiff's poor adjustment to society and institutionalization was not

26  due to any form of mental illness (#82). Rather, NDOC medical staff have determined that

27  plaintiff feigns mental illness and threatens self-mutilation or harm to manipulate NDOC

28

4

personnel. *Id.* Defendants dispute that plaintiff is a "mental health patient," and assert that plaintiff's medical records reveal that plaintiff is not required to be permanently placed in a mental health facility because he is a "cunning manipulator" who enjoys avoiding disciplinary segregation. *Id.* Mental health care providers have determined that plaintiff can be treated properly on an outpatient basis, and may reside in the general population. *Id.* Further, defendants assert that NSP officials have provided adequate mental health services to plaintiff because plaintiff is not classified as a mental health patient. *Id.* Defendants maintain that in the event of an emergency, plaintiff could be transferred to the Mental Health Unit ("MHU") at Northern Nevada Correctional Center ("NNCC") in a matter of minutes. *Id.* Moreover, while he is in disciplinary segregation, defendants provide plaintiff with his daily medication, he can send medical kites, and he has access to an emergency call button. *Id.* As to plaintiff's allegations that he was not evaluated before being released from the MHU and sent back to NSP in March 2004, defendants submit proof that the mental health professionals did evaluate plaintiff and followed prison procedures. *Id.*

A review of plaintiff's medical records confirms defendants' assertions. The court concludes that defendants' motion has merit. Plaintiff has been duly warned of the consequences of failing to oppose defendants' motion for summary judgment, and has proved himself to be a capable *pro se* litigant. Pursuant to Local Rule 7-2, the court concludes that the plaintiff consents to each of defendants' arguments. The court grants summary judgment on all counts.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' motion for summary judgment has merit and that by failing to oppose, plaintiff consents to each of defendants' arguments. As such, the court recommends that defendants' motion for summary judgment (#82) be **GRANTED**.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days

1  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

2  Recommendation" and should be accompanied by points and authorities for consideration by the

3  District Court.

4         2.    This report and recommendation is not an appealable order and any notice of appeal

5  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

6  judgment.

7                                    **IV.  RECOMMENDATION**

8         **IT IS THEREFORE RECOMMENDED** that recommends that defendants' motion for

9  summary judgment (#82) be **GRANTED**.

10        **DATED:** July 6, 2007.

11

12

13                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              6