UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| WILLIE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 3:04-CV-00687-LRH-VPC |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ART VOGT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before this court is the Report and Recommendation of U.S. Magistrate Valerie P. Cooke (# 128[1]) entered on July 6, 2007, recommending granting Defendants' Motion for Summary Judgment (# 82) filed on November 6, 2006. Plaintiff filed his Objections to Magistrate Judge Recommendation and Report (# 130) on July 18, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 3-2 of the Rules of Practice of the United States District Court for the District of Nevada.

The court has conducted its *de novo* review in this case, has fully considered the objections of the Plaintiff, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2.  The court determines that the Magistrate Judge's Report and Recommendation (# 128) entered on July 6, 2007, should be

---

[1] Refers to the court's docket number.

1  adopted and accepted.

2  Also before the court is Plaintiff's Motion for Reconsideration of Order Court Docket

3  No. 125 (#126).  The court has conducted its review in this case, has fully considered the Plaintiff's

4  motion, and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1), and concludes that

5  the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.   The Magistrate

6  Judge's Order (#125) will, therefore, be sustained and Plaintiff's motion (# 126) is denied.

7  Finally, before the court is Defendants' Motion for Assessment of "Strike" Against

8  Plaintiff (# 133).  It appears as though Plaintiff construed this document as an opposition to his

9  objections.  Thus, Plaintiff subsequently filed a reply (# 136).

10  28 U.S.C. § 1915(g) provides,

11  In no event shall a prisoner bring a civil action or appeal a judgment in a
civil action or proceeding under this section if the prisoner has, on 3 or more
12  prior occasions, while incarcerated or detained in any facility, brought an
action or appeal in a court of the United States that was dismissed on the
13  grounds that it is frivolous, malicious, or fails to state a claim upon which
relief may be granted, unless the prisoner is under imminent danger of
14  serious physical injury.

15  Because a prisoner with *in forma pauperis* status can accumulate three such dismissals before §

16  1915(g) bars subsequent actions, the provision is often referred to as a three strikes rule.  *See*

17  *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007).

18  Defendants argue that this court should assess a strike against Plaintiff for filing a

19  frivolous and malicious complaint.  Defendants cite three factors that support such relief.  First,

20  Defendants argue that Plaintiff's failure to oppose the motion for summary judgment demonstrates

21  that the complaint had no merit.  Second, Defendants argue that Plaintiff suddenly sought to

22  dismiss this action, years after it was filed, for dubious reasons.  Finally, Defendants argue that

23  Plaintiff was principally interested in amusing himself and harassing Defendants as evidenced by

24  Plaintiff's efforts that "focused on promoting excessive, unnecessary, and wasteful motion-practice,

25  marked by his vulgarity, profanity, and abuse of Defendants, Defense Counsel, and the Court."

26

2

(Defs.' Mot. for Assessment of "Strike" (# 133) at 2.)

Upon carefully considering Defendants' motion, the relevant law, and the record as a whole, the court finds that the dismissal of this case counts as a strike under 28 U.S.C. § 1915(g) as this action is being dismissed because it is frivolous.  "[A] case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting Webster's third New International Dictionary 913 (1993)).

As discussed in the Magistrate Judge's Report and Recommendation (# 128), accepted and adopted pursuant to this order, Plaintiff's medical records confirm that Plaintiff's poor adjustment to society and institutionalization was not due to any form of mental illness and that Plaintiff can be treated properly on an outpatient basis and may reside in the general population.  In light of the evidence presented, there is no basis in law or fact to support Plaintiff's contentions in this action.  Furthermore, Plaintiff's attempt to dismiss this action for an alleged fraud upon the court lacks merit and further demonstrates that this action has no basis in law or fact.  As this court is ultimately granting summary judgment in this case due to its frivolous nature, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (# 128) entered on July 6, 2007, is adopted and accepted, and Defendant's Motion for Summary Judgment (# 82) is GRANTED.

IT IS FURTHER ORDERED that the Magistrate Judge's Order (# 125) is sustained and Plaintiff's motion (# 126) is denied.

///
///
///
///
///

1   IT IS FURTHER ORDERED that Defendants' Motion for Assessment of "Strike"
2  Against Plaintiff (# 133) is hereby GRANTED.
3   Any remaining motions (## 121, 129) are considered moot.  The Clerk of the court shall
4  enter judgment accordingly.
5   IT IS SO ORDERED.
6   DATED this 3rd day of January, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE